Rescript Opinions.

COMMONWEALTH vs. ELMER RICHARD BECKMAN. August 4, 1982. The defendant appeals from his convictions of assisting in an attempt to set fire to a building and attempting to set fire to a building with intent to defraud the insurer. He claims error in the trial judge's denial of his motions to exclude evidence admitted de bene and for a required finding of not guilty. We affirm.

1. The theory of the Commonwealth's case was that the defendant, who had a controlling interest in the Howard Clock Company at all times relevant to this action, was a member of a joint venture which made two attempts to set fire to the company's factory in March, 1978. The jury-waived trial was conducted in a manner customary for cases of this type: the declarations of the defendant's alleged coventurers were admitted in evidence de bene based on the prosecutor's representation that the Commonwealth would produce sufficient evidence of the defendant's participation in the joint venture and subject to the defendant's motion to strike. See *Commonwealth* v. *Borans*, 379 Mass. 117, 145 n.26 (1979). The defendant made such a motion at the close of the Commonwealth's case. He was entitled to have that motion granted only if the Commonwealth had failed to introduce sufficient evidence, apart from the statements of the coventurers, to support a fair inference of the defendant's participation in that venture. *Commonwealth v. Beckett*, 373 Mass. 329, 337 n.3 (1977). *Commonwealth* v. *Soares*, 384 Mass. 149, 159-160 (1981). Our review of the transcript convinces us that the Commonwealth met that burden here. The New England Telephone Company records were admissible as independent evidence of the defendant's participation in the joint venture. See *Commonwealth* v. *Soares*, 384 Mass. at 160-162. The other evidence which tended to show the defendant's participation in the joint venture included his persistent curiosity concerning the impounded truck which had been used in the arson attempt, the intruders' possession and use of one of the factory's two master keys which were under the control of the defendant, the defendant's payment of overdue fire insurance premiums two days before the fire, and the precarious financial condition of the defendant's company throughout the relevant time period. Individually, each piece of that evidence was probative of the defendant's involvement in the joint venture. Viewed as a whole, it clearly justified the judge in concluding that the Commonwealth had met its preliminary burden of showing the existence of the joint venture and the defendant's participation in it.

2. The only contention raised by the defendant in support of the argument that his motion for a required finding of not guilty should have been granted is that the Commonwealth failed to introduce evidence sufficient to prove his participation in the joint venture beyond a reasonable doubt. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979). This argument is also without merit. Once the judge had determined that sufficient evidence had been produced to support the Commonwealth's joint

venture theory, he was entitled to consider against the defendant statements made by his coventurers during the pendency of the joint venture and in furtherance of its goals. That evidence included a number of statements which directly implicated the defendant as a participant in the joint venture. Considering that evidence in conjunction with the rest of the Commonwealth's evidence, including that outlined above, we hold that the judge had ample basis for concluding that the Commonwealth had proved the defendant's participation in the joint venture beyond a reasonable doubt.

*Judgments affirmed.*

*Jack I. Zalkind (Sarah A. Phillips* with him) for the defendant.

*Kevin J. Ross,* Legal Assistant to the District Attorney, for the Commonwealth.